The next case is number 22-1232, Jane Doe et al. v. Deborah Holly et al. At this time, would counsel for the appellants please introduce himself on the record to begin? Good morning, your honors. I just want to make that all counsel are welcome to keep their mask on as they argue, but it's not a requirement of the court. Thank you for letting me know, your honor. My name is Stephen Ballard, and I represent the plaintiffs, Jane Doe, John Doe, both individually and as the parents of Doe Child. They have brought a claim in the Superior Court of Massachusetts under the anti-bullying statute, Massachusetts claims. Most of the claims were Massachusetts claims. There were a few federal claims that allowed the defendants to bring this to the US District Court to remove it. And so we have a summary judgment motioned by the defendants that were all allowed, except for one of the state, one of the penitent state claims. This is a case where the summary judgment procedure rules and spirit were not followed. Before you get to the merits, can you just address the timeliness of the appeal? Yes. So there's a mistake by the defendants on that. The order the judge issued was on February 25th, but then he modified it and it was entered on the 28th, as you can see, February 28th of 22. As you can see in the appendix, entry 79, I believe, on page 10 or 11 of the appendix. And so it was exactly 30 days when the notice of appeal was filed. So apparently the defendants missed that fact that the entry date was actually Monday the 28th and not the original date of the judgment. So that's not meritorious. It was timely. So just to be clear on that, is the case law as clear that it's the entry date that matters? Yes, Your Honor. It is, I'll tell you the exact page of my appendix one. I'm not disputing that that is the entry date. I just want to make sure that if the order entered on that date has a different date than the entry date, what controls? Is my question. Oh, the entry date would control because the order was modified. And so originally the date was the 25th, but then the judge, for some reason, modified the order. So you see that entry for entry 79. On the docket, you see February 25th judgment, and then it says modified entry February 28th. And that is on page 10 of the appendix number one, Your Honor, where you can see that it actually says February 25th, 79. District Judge Leo Sirocco, an order entered, judgment for Samantha modified on February 28th, 22. Updated filing date for Samantha, entered February 28th, 22. And that same day, the next entry is when they sent the file to the wrong court. They sent it to the wrong county court of the Superior Court. And the authority of the judge to modify the judgment is what? It's all one entry, Your Honor. So I don't know that that's exactly what the entry says. And so when I saw the judgment, it was already modified. And so it was entered on the 28th. And I do appellate work. I've only done one case here before back in 2001. I think when Judge Howard was here. But I do a lot in Massachusetts Court of Appeals. And so I'm very careful about that, the entry date being the important date. So I'm hoping there's no rule I don't know about in the federal courts. But that's clearly why I don't think that anyone administratively pointed that out, because it was 30 days, exactly, from the entry date of the judgment. I'm just getting the mechanics of when the judgment was entered on the 25th, not entered, when the judgment was signed on the 25th, was that provided to the parties on that date? That I'm not sure, Your Honor. I don't recall. But I do recall that I didn't see it. I didn't look at it until I saw that it was the 28th. And also, I checked before I saw it. And what was the modification that occurred? I'm sorry? What was the modification to the? That, again, I don't know. Like I said, I only looked at the final judgment. In other words, we don't have any piece of paper that's at the unmodified order of the 25th? As far as I know, I'm looking at the docket now. I don't see that, Your Honor. I see only one order. And so it's on that docket entry 79. So that's probably why I didn't. And probably the answer is there was only one provided. But maybe my brother will know. But the 79 is the only entry. Counsel, you didn't see any modification? No, I don't know what the. How about the date itself? No, I don't see that, Your Honor. I see all that I said. If you just look at page 10, it's 79. Oh, I'm sorry. If you go up, you see entry 78 on February 25. That might be helpful. It says, order entered, order on motions for summary judgment and motion to strike, document number 77. So here, the judge enters orders to strike the affidavit, which is on the appeal. And it allowed, oh, also, again, at the end of that, it says modified on February 28, 2022. Dora Samantha entered February 28, 2022. So both of the entries that say February 25, 2022, actually explicitly say at the end that they were entered February 28 and they were modified on February 28. So I don't know. But all I know is that's how I do it. I look for, when I'm calendaring my notice of appeal, usually I do it two days before. So I don't have this getting close. But I calendar it. And I count it 30 days from that date. So I think there's no doubt this was timely appealed. You can go on to the merits from my perspective. Yes. Should I go on and discuss? You can go on to the merits from my perspective. OK, so the merits are there is numerous evidence that was produced in response to a very quick push by this judge to get to the end of discovery after this was moved into the federal court, even though we had numerous school districts and providers throughout the country and abroad, even, that we needed to get records for. And it was pushed very quickly to a point where the other side did their motions for summary judgment. And still, we had depositions of the defendants, depositions of the adults, plaintiffs. We had the administrative record, which is just chock full of evidence of the proceedings before and the complaints below and the administrative evidence that was brought in immediately as there were actually exhibits to the complaint. And so there's some complaint by the defendants that the complaint should not be one of the things that you can use in a summary judgment proceeding. You have to have real evidence. Well, the only reason that's there is because the nine-page complaint is just sort of a guide to the numerous exhibits, which aren't the facts of the administrative record. And that is what is being provided. That, along with all the other things in the plaintiff's statement of facts and the record of supporting it, is very lengthy. And there is evidence from all the parties, the witnesses of the counts three through seven. Counts one and two are the discrimination, national origin discrimination claims. And as I will concede, the defendants rightly said, and we sort of suggested that, that we have dropped those claims. Because through discovery, we did not find we had enough evidence to go forward with those federal discrimination claims. But I do want to reserve some time to rebuttal. I just want to go back to the time and this point for one moment. So I'm looking at the docket entry 79. Yes. Yes, Your Honor. It says ordered. And so the date for that docket entry is the 25th, right? I'm sorry. The date for that docket entry seems to be the 25th on the side, on the left-hand side. Yes. It says order entered judgment. Then it says modified on 228-2022. Do we know what is being talked about there? Because then it says updated filing date entered. So it's hard to figure out what's, you're finding it hard to figure out what this is saying. Is there any paper that goes with this, or this is the sum text of what we've got? This is all that I have, Your Honor. Like I said, I may have gotten something in the mail, but I just do everything electronically. There's nothing in the appellate record with respect to this question other than this. This is the sum total of what we know about the judgment. That's all I know, Your Honor, other than what I knew before when I clicked on 79 and I saw the document. So I don't know. The document is dated the 25th. I'm sorry? When you click on the docket, the document is not dated with the 28th. Well, that would be in my addendum. So let's see what it says. This may be, let's see what the addendum says, because I have the order of judgment appealed from here. I know he signed it on the 25th, and originally it must have been filed. I don't know if that date is wrong, or if there were two versions, and one was originally electronically put in the docket and sent to us, in which case I would have gotten an email and I could have clicked it and got the original one, and then there was another modified. But I don't recall ever seeing two. I only saw the one that was dated the 25th, but the docket entry says. Yeah. So you don't need to look at it, because I think we're in agreement. The problem is it was dated the 25th. Yes, but as I don't know, I'm sorry, but I'm not that familiar with the CJA panel. 20 something years ago, I had one case. But with the Mass Court of Appeals, this is very frequently the case that there will be an order issued on a certain date, and it won't enter until the next day, or even sometimes weeks later. The question here is whether that's what happened, or whether what happened is it was entered on the 25th, dated the 25th, and then the docket entry was modified. Well, that I don't know, Your Honor, to be honest. But I would argue in that case, if that's the case, I have a right to rely, or my clients have a right to rely on the docket if this is all that we're given. And they say the entry date is the 28th, and it was modified. Well, I guess that's the question, is whether that is all you were given. In other words, if you got the judgment, and then the docket seems to say it was entered on the 25th, I guess I'm starting to wonder how we get to the 28th, other than there's just a notation that something was modified on the 28th. There's no modified judgment with a different date, and the docket entry itself says the 25th. Well, even if I searched my records and found, which I don't think I have anything, like I said, the first judgment of the 25th, and then later the 28th. Where's the 28th one? I'm sorry? Where is the judgment that's the 28th? No, no, it's a judgment signed on the 25th, but it was docketed and as. You see, what I'm saying is that it looks like from the text, it was also entered on the 25th, but then it says there was a modified, something was modified. It doesn't say what was modified. I'm just wondering if the entry was then modified. That's a good question, Your Honor, I don't know. That might be a kind of big deal question. If, in other words, if there was a judgment that entered on the 25th, dated the 25th, are we free to pretend that there actually was one only entered on the 28th? Well, I think certainly it should be, this mistake would not be mine and would certainly be the truth. I guess the question whether there is a mistake. In other words, if counsel's notified of a judgment signed the 25th, entered the 25th, I guess I'm just not sure what's the mistake. The mistake would be, I guess, you took the statement on the docket that says modified the 28th to mean that there was a judgment entered on the 28th? Well, no, because it says entry. It says modified on the 28th, and it also says enter. On both of the entries for 25, where the February 25, the motions, everything. So I'm guessing, but I don't know, that he issued the judgments and the motions, both on February 25th, when he signed them. And that was entered on the docket, perhaps, on those dates. And then later, he realized over the weekend or something, I need to change something, or the clerk did. And so then they changed that without making a new docket entry. They just modified that docket entry. Or it was all entered on the 28th, and they put the February 25th as a date, because that was the date they signed it. I don't know. But all I know is I looked at it, and I didn't see any. And I'm looking at my. I understand what you're saying. I mean, no, I do. But also, I'm looking at the top of page 37, which is the last page of this judgment. And I don't see any stamp below. But this is from the, you know, this BCF case, but I have something typed over whatever's there. And it says entry ID 6487172. I don't know if that will help us to see, because that's what I downloaded it from that link. OK, thank you. You can see that it's all. But I think the answer is there somewhere. If you want me to, your honors, I can investigate. If we need more information from the parties, we'll ask for it. But thank you. But I would argue, seriously, just based on what we already know, that this is the information I have. I'm saying, no, you made your point clear. Thank you. But I think you're over time. But you did reserve a couple of minutes. OK, thank you, your honor. I'll get to some of the issues I brought up, because I didn't do a reply brief. I'll try to go fast in those three minutes. Thank you, your honors. Thank you, counsel. At this time, would counsel for the appellees please introduce himself on the record? Yes, good morning, your honors. May it please the court, I am John Clardy. I represent the town of Maynard and its school officials in this matter. Do you have any enlightenment for us on this mystery? One judgment had entered, and it entered on the 25th. And my reading of that docket entry on number 79 was also dated on the 25th. And then there's a clerical entry within the text of that 25th docket entry that later updates the filing date. So that's the clerk notation. The clerk is updating the filing date of something that entered on the 25th. That's what the mystery is. What is being updated? And what is being entered on the 28th? I don't know that, Judge. But had I thought that this would be an issue, I could show you the emails we got on the 25th. This is an electronically filed court system. And we get notice by email on the 25th. And if you look in the appendix, the order itself is dated February 25th. And although in the electronic filing on appeal, it types over. I mean, I could submit the underlying document without that overtype, but that's the 25th. So the electronic notice itself prints on the docket. It's issued on the 25th. Did you get notice on the 25th or on the 28th? The 25th. I didn't get anything on the 28th. Nothing came in on the 28th. There was, I mean, I can go back and check my records or whatever, but the only single document that was issued, well, there was two documents issued. There was the memorandum of order, memorandum of decision, and then there was a separate piece of paper writing entry of judgment, which starts the 30-day clock ticking, in our view. And it's clearly dated the 25th, both within the four corners of that judgment. On the top, the electronic notice on the top is dated the 25th. The docket entry itself is dated the 25th. Even this alleged modification docket entry is dated the 25th. I don't think there's any dispute that the 25th is what the date is. And then if some clerk layer on goes two days later, a week later, or a month later, and enters something on the docket that they want for that entry, that doesn't affect 30-day running period. There's nothing in the record that explains what that modification was on the 28th. Something happened on the 28th, but we don't know what it is. Right, no, and so it's my brother's burden. It's not my burden. I'm not, I'm just trying to. I don't know what that is, Judge. This is the first, I've heard the argument, that that's what his argument must be. I haven't heard that argument before, that this docket number 79 somehow gave him an additional three days. I think that's the following Monday after the Friday entry. So it doesn't total the period. And this suffragette incident didn't restart the clock. We have a 25th judgment. He was on notice of the 25th. Even if he got a modified entry on the 28th and it says the 25th, a prudent attorney would start their 30-day calendar from the date on the judgment itself. And it wasn't. Well, but I think the rule is the date the judgment was entered. And it was entered on the 25th according to docket number 78. But then 78 says modified. Right. Well, that's the question. Is that saying that the entry date for the judgment is being modified? Or is that saying something else? It says updated filing date. And is that, what's that mean, filing date? I don't know. That's what the clerk put. She updated to maybe reflect it was filed on the 25th. It's filed the same as entered? 29th? Entered is when it's entered on the docket. And so we get, now in modern days, we get electronic notice of that. You know, certainly in olden days when it was mailed, it would have been entered on a date. And we know to look at the- You said you didn't get any notice on the 28th. But I would think you would have gotten some notice because something happened on the 28th. Yes, we should have gotten like a clerk's notice of modification or something like that. And very well, it could be in my email chain. But I took no note of it because I knew it was the 25th, which is the day of the entry of judgment. So if they later, you know, clerks do this with some frequency. And if you see the next entry, it's something to do about. To do what? That's what I'm trying to get enlightenment on. Clerks go in and make what I would call administrative entries without any action of the court. And if you look at the second entry underneath that, number 80, it's an entry by the clerk about having to send it to the Middlesex Superior Court rather than the whatever other Superior Court they might have sent it. And that was probably the docketing entry that they generated the filing date of change to number 79, is what my presumption would be. So number 80, the following Monday, the clerk comes in and says, oh, I sent it to the wrong state court. I should have sent it to Middlesex Superior Court. So I make this entry reflecting that. Oh, I see. I see what you're saying. The updated filing date is the referencing 80, essentially. Right. There was a remand order here, Judge, because the judge let one claim survive. So that would have gone notice back to the state court. And I was assuming in the following Monday, the clerk goes in and says, oh, I meant to send it to Middlesex Superior Court as opposed to, maybe they sent it to Suffolk Superior Court or some other Superior Court. And so the clerk makes the entry, Samantha Dorr, and then probably made a simultaneous entry on the prior one that was entered on the 25th. Adding to the confusion, the one on the 28th says that was then modified on March 7th. Right. And apparently they sent a different document. The main document, number 80, was replaced on March 7th. Again, I don't know what that is, Judge, but this is an administrative entry by a clerk, which doesn't affect the tolling or the running of the statute of limitations. I got your point. Yeah, I got your argument. It's on the 25th. As well as on the docket itself, it's on the 25th. So our position is that the privacy is court of jurisdiction. The 30-day period is both mandatory and jurisdictional. So absent jurisdiction, this appeal should be over at that stage. All right. But nonetheless, we go in and look at the merits. Under the merits, we think it's clear and plain that there's no claims here after looking at the summary judgment record. Notably, the summary judgment record, in our view, should be deemed admitted, all the facts we submit, because my brother did not enter a opposition to any of our 79 statements of facts. Instead, he filed a different one of 107 different facts. And so our facts, we believe, I think, of the 98 facts are deemed admitted, in our view. So there's really nothing in dispute here. So now it's just a question of law. And if you look at the law, plaintiffs doesn't have a claim on any other state law claims. The federal claims, as he admitted, are waived. Those are gone. The state law claims that remain, there's this Massachusetts Civil Rights Act claim. We have layers of defenses to this claim, including that the town itself cannot be sued because it's not a quote, unquote, person subject to the State Civil Rights Act. And the plaintiff didn't suffer any underlying civil rights violations. He's pointing to violations of the state law. Right to an education, as we set forth in our papers, there's been no deprivation of that right in this case. And furthermore, that right does not create a private right of action, in our view, nor under the law. And there would have to be an exhaustion of administrative remedies, have to go to the school committee before you can bring a claim underneath that. And the subsequent enactment of the Tort Claims Act under Massachusetts, which parallels the Federal Tort Claims Act, which was discussed earlier today, would preserve the immunities. All of these arguments track the argument the district court made as to each of these claims. Is that correct? The district court took a detailed review of all these arguments and went through them in some detail. The only claim that actually survived, and I don't know why, was the judge didn't look at the failure to investigate or inadequate investigation claim, which we're asking this court on a de novo review, that that claim should be tossed as well. Because that is also subject to the immunities under Section 10J, because it's basically an underlying claim about the failing to prevent bullying in the subsequent investigation. It's also a discretionary function, which we would be immune under state law as well. So I don't know why the judge decided not to exercise his penitent jurisdiction on that piece of it, when he exercised his penitent jurisdiction on all the other state law claims. But this court is free, in our view, to throw the whole thing out. Because the same legal arguments that pertain to the other negligence claims also pertain to that negligent investigation claim, or fails to investigate. To reach that claim when the district court's chosen not to, do we review that for an abuse of discretion? That's an interesting question, is that the failure of the court to exercise penitent jurisdiction on one of several, is that an abuse of discretion standard? I think you're in a de novo position, Judge. I don't mean you look to abuse of discretion. I think you are looking at the summary judgment as a de novo. So it doesn't matter whether the judge looked at it below or not. You don't have authority on that one way or the other. I don't know. The authority would be that it's a de novo review. The plain authority under the federal case law, this is a de novo review at summary judgment stage. Which I think would eliminate the need to look at whether it was discretion or not to exercise penitent jurisdiction. This court would have discretion to exercise its penitent jurisdiction over state law claims on appeal. Presumably, the court could also, referred not to, and remand all those state law claims to the state courts, and just dismiss the federal claims based on plaintiff waiving that. But I would suggest that would be an inefficient use of judicial resources at this late stage. So we think the federal, the state civil rights claims go out based on numerous grounds. And also, there's qualified immunity that's preserved under state law, just like under federal law for civil rights violations. So our individual school officials should be out on that. The negligence claims that he's made are all subject to immunity. The immunities that are preserved, we set forth in our brief under 10J, keeps us immune from claims based on third party actions that were not originally caused by the school. Here, that would apply to the underlying basis of this claim, which is to prevent peer-to-peer bullying. And there's also a big reliance by our brother on this anti-bullying statute in Massachusetts, which set up this protocol for schools to prevent bullying and respond to bullying. And that statute itself says it does not create a private right of action. Within its very terms, it says there is no private right of action. So I don't think the plaintiff can circumvent that line by bringing a negligence claim, saying that you violated that statute when the statute itself says it doesn't create a private right of action. And there's just no evidence of negligence at all. There's no evidence of any breach of any duty by the school officials. If you look at everything they did here, they took great steps. They were praised by the mother. You want to just address the motion to strike? Certainly. So the motion to strike, I don't think necessarily impacts this court's ability to render a summary judgment anyway. But we moved to strike because the affidavit itself was unsigned. Or if it was signed, the signature was scratched out. It didn't attest that the child had personal knowledge of all the events. She instead was reciting things that her parents did or said or things that took place out of her hearing. And it furthermore did not attest that she understood the nature of the oath, understood the obligation of truthfulness, and understood or said or attested she was free from parental influence. So at the time she was making this affidavit, she would have been about 13 years old, attesting to something that took place some three, some five years earlier. So she would have been around the ages of six, seven, or eight either in first or second grade. In our view, an affidavit should attest that I'm competent to testify to these and I'm free of parental influence and I understand the nature of the oath and the obligation of truthfulness. It did none of that. And it was questionably unsigned. It may have been signed, but it was scratched out. So based on those grounds, we asked the court just not to consider it. And the judge agreed. And we think that that was not an abuse of discretion. I think that was within his discretion whether to consider that. And furthermore, even if you look at that, I go back to our argument that our Rule 56.1 statement was undisputed. So he's trying to create secondary disputes of fact when the real material disputes of fact in our Rule 56.1 statement were undisputed. And the essential dispute of fact are twofold. One, they read this email in the classroom. And two, I suffered damages. That's really all that's kind of in dispute, neither one of which are material for the purposes of our grounds for summary judgment. So unless the court has other questions, we can rest on our papers. We think we've thoroughly established that the summary judgment below was answered properly. And we're asking this court to affirm that as well as to grant summary judgment as to that negligent investigation aspect of the claim. Thank you. Thank you. Thank you, Your Honor. Thank you, counsel. I'm sorry, Jim. Do you want to do rebuttal? Yeah. I think you've reserved three minutes. Okay. Thank you, Judge. Okay. Please reintroduce yourself on the record to begin. Yes. I'm Stephen Ballard for the plaintiffs. I didn't have any time to go over merits. I can counter every single thing that he said. And with law and facts, everything he said is not accurate and it's not meritorious. So I don't know where you want to start. But certainly, everything is in the brief, essentially. If you look at a new case, that is, I couldn't have because it just came out from the Mass Supreme Judicial Court, called Barron, same spelling, versus Colander. That was a case involving interpretation of threats, intimidation and coercion under the Massachusetts Civil Rights Act. And basically, they stated, as it says in the statute, if there's an exercise of constitutional or statutory right, and it's been interfered with or attempted to be interfered with, and that interference was by, quote, threats, intimidation or coercion, then they made the argument that this was not the case. And a lot of people think that it's harder to get these kind of claims on the state level. But in fact, this recent case, Barron versus Southborough, was unanimously decided, and they found that someone who was told, after she called a member of the select board in Southborough that you stopped being a Hitler, said, I'm gonna have you removed, and we're gonna end this session, and she was making a public comment. That was considered threat, interference, threats, intimidation or coercion under the, and they said, we have no trouble finding there's no immunity here. And that basically, that you have a right through a constitutional right that's mediated through that Civil Rights Act. And all you have to do is show that it was clear, as even the defendants put in their brief, that the school officials or the public officials knew that this was a right. There's no need to have a right be explicitly stating that there's a money damages right. There wasn't in that case. There isn't in the education rights statute, which they wrongly, which the judge wrongly decided, decided the wrong version. Section five, and if you also look at the rationale of this case, you'll see that. You'll also see the First Circuit has, in 2021, has two decisions that were on a similar topic, with First Amendment speech, and it involves harassment and bullying. There was the Dovey Hopkinson Public Schools, and before that, Mahoney Area School District. And if you look at that, you see a broad interpretation by this court of the Massachusetts Civil Rights Act. What all of these places, the cases that I had from the beginning, from the complaint until now, there are four cases that clearly state there's no immunity if there is an act by someone who is a teacher or a school administrator. Here we have numerous acts. We have first the act of the teacher who was an aggressor. He was said to be the aggressor from the very beginning. We have all this, again, all the evidence from the advocate, Craig Howler, his emails back and forth, all administrative record of that, the even admissions by the defendants on their positions that I have in there, suggest this, that it was clear that they were complaining about the teacher and they wanted a safe. These points are all in the brief. Yes, it's in the brief and all the facts that are there. So the facts were, it was clearly facts on end. Why don't you just take 30 more seconds and wind up. And the judge actually, despite being biased and having many things wrong, including the law of the state law claims that he provided, which I've explained, but now you have some more information there about new cases. But he, in footnote four on page, I'm not sure which page of the judgment, he states clearly that there's no rule that the plaintiffs or the non-moving party has to specifically respond to the defendants or the moving party's statement of facts. And he clearly states exactly what's done. As long as the plaintiff's statements of fact, which are voluminous, prove that there's an issue of fact. And there is on all the claims. And if you look at the case log, thank you. That concludes argument in this case.